IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:99-CR-324-D |
| VS. | § | |
| | § | |
| ROCKY LYNN SUELL (4), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Rocky Lynn Suell ("Suell") moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on an amendment to U.S.S.G. § 1B1.10(c) that made Amendment 706 to the United States Sentencing Guidelines, as amended by Amendment 711, retroactive. The government opposes the motion. The court has appointed counsel for Suell, and his counsel has filed a supplemental motion (reply brief) arguing that the motion should be granted.[1] For the reasons that follow, the court denies the motion.

I

The court has the discretion to grant a sentence reduction under 18 U.S.C. § 3582(c). *United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999) ("The decision whether to reduce a sentence under § 3582(c)(2) is discretionary[.]").[2] Under § 3582(c)(2), "the court may reduce the term of

---

[1]Because Suell is represented by counsel, the court grants the government's March 28, 2008 motion to strike *pro se* filings.

[2]Suell argues extensively that, in deciding his motion, the court should treat the guidelines as advisory and decide the motion under the jurisprudence that applies now that the Supreme Court has decided *United States v. Booker*, 543 U.S. 220 (2005). Although the court disagrees with Suell's contention and concludes that the guidelines are mandatory and binding in this case, the court would reach the same result even if it deemed the guidelines to be advisory and it decided that motion

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under U.S.S.G. § 1B1.10(a)(1), "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement."

U.S.S.G. § 1B1.10(b)(1) provides:

> *In General.*—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (Supp. Mar. 3, 2008).

Application note 1(B) to U.S.S.G. § 1B1.10 specifies various factors for the court to consider:

> (i) *In General.*—Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) *Public Safety Consideration.*—The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the

---

under the law that applies post-*Booker*.

> limits described in subsection (b).
>
> (iii) *Post-Sentencing Conduct*.—The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B) (Supp. Mar. 3, 2008) (italics omitted).

Additionally, U.S.S.G. § 1B1.10(b)(2) imposes limitations and a prohibition on the extent of a sentence reduction:

> (A) *In General*.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) *Exception*.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) *Prohibition*.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S. Sentencing Guidelines Manual § 1B1.10(b)(2) (Supp. Mar. 3, 2008).

II

As required under U.S.S.G. § 1B1.10(b)(1), the court begins by determining the amended guideline range that would have been applicable to Suell had the amendment to U.S.S.G. § 2D1.1(c)(1) of the Drug Quantity Table been in effect at the time he was sentenced.

When Suell was sentenced, his total offense level was 35, and his criminal history category was III, resulting in a range of 210 to 240 months. Under the amended Drug Quantity Table, his offense level would be 33, resulting in a range of 168 to 210 months.

Under U.S.S.G. § 1B1.10(b)(2)(B), "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) . . . may be appropriate." In response to the government's motion under U.S.S.G. § 5K1.1, the court departed downward six levels to an offense level of 29. Based on a criminal history category of III, this resulted in a guideline range of 108 to 135 months. The court sentenced him to 108 months' imprisonment. Had amended § 2D1.1(c)(1) of the Drug Quantity Table been in effect, and had the court departed downward six levels, the offense level would have been 27, and the range would have been 87 to 108 months.

### III

Having considered the factors specified in 18 U.S.C. § 3553(a) (to the extent that they are applicable), the provisions of U.S.S.G. § 1B1.10(a) and (b), and the factors for consideration contained in Application Note 1(B)(i)-(iii), the court concludes in its discretion that Suell's motion should be denied.[3]

The decision whether to reduce Suell's sentence does not involve a simple comparison of the sentence imposed within the prior, higher guideline range with what is now available under the new, lower guideline range. Although the court has reduced crack cocaine sentences in such cases,

---

[3]Although the court has carefully considered all applicable factors, it will focus its discussion on the reasoning that follows.

this is not one of them.

Suell and five other defendants were indicted for conspiring to possess with intent to distribute and to distribute in excess of 5 kilograms of cocaine and in excess of 50 grams of cocaine base. Suell faced a mandatory minimum sentence of ten years and a maximum sentence of life in prison. Based on a prior conviction for a felony drug offense, Suell could also have faced a 20-year minimum sentence of imprisonment. Under his plea agreement with the government, Suell pleaded guilty to a one count superseding information that charged him with a violation of 21 U.S.C. § 856 (providing a premise for the distribution of cocaine) and 18 U.S.C. § 2 (aiding and abetting). The superseding information capped Suell's exposure at 20 years' imprisonment. And the government agreed not to file a notice of enhancement under 21 U.S.C. § 841(b), which eliminated the potential for a 20-year mandatory minimum sentence. Accordingly, by virtue of the plea agreement and of a government motion filed under U.S.S.G. § 5K1.1, Suell became eligible for, and received, a sentence of 108 months' imprisonment. Suell has therefore benefited significantly from his plea agreement and from a government motion filed in response to his substantial assistance.

When negotiating a plea with Suell, the government essentially considered the nature and circumstances of Suell's offense and his history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the kinds of sentences available; the kinds of sentences and the sentencing range established by the Sentencing Guidelines; any pertinent policy statements; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Essentially, the parties took into account the relevant factors under 18

U.S.C. § 3553(a) when negotiating a plea agreement that significantly mitigated the more onerous consequences of the higher sentencing range that then applied to crack cocaine sentences. The court then approved that plea agreement. Consequently, the sentence the court ultimately imposed was then, and remains, sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), despite the recent reduction in § 2D1.1(c)(1) of the Drug Quantity Table.

Suell maintains that he has served a significant portion of his 108-month sentence that "the United States Sentencing Commission now recognizes there is no justification for." Rep. Br. 19. This assertion misunderstands the procedural history of this case, including the nature and terms of the plea agreement and of the sentence reduction that Suell has previously obtained under U.S.S.G. § 5K1.1. While it is true that the starting point—the total offense level—for Suell's sentence has been reduced, there are myriad elements that affected Suell's final sentence and that impact whether the sentence Suell received, when viewed through the prism of the modified crack cocaine guidelines, can still be characterized as one that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Having considered the applicable factors of 18 U.S.C. § 3553(a), the provisions of U.S.S.G. § 1B1.10(a) and (b), and the factors in Application Note 1(B)(i)-(iii), the court concludes in its discretion that Suell's motion should be denied. The sentence imposed in this case remains one that

is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

**SO ORDERED**.

July 17, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE